UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY R. WALKER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>L BRANDS, INC., et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:19cv03186<br><br>CLASS ACTION<br><br>Judge Sarah D. Morrison<br>Magistrate Judge Chelsey M. Vascura |
| KURT J. MITTS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>L BRANDS, INC., et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:19cv03961<br><br>CLASS ACTION<br><br>Judge Sarah D. Morrison<br>Magistrate Judge Chelsey M. Vascura |

MEMORANDUM OF LAW IN SUPPORT OF PROPOSED LEAD PLAINTIFF DANIEL B. O'LEARY'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL

Cases\4849-2379-0502.v1-9/23/19

## I.   INTRODUCTION

Presently pending in this Court are two related securities class action lawsuits brought on behalf of purchasers of L Brands, Inc. ("L Brands" or the "Company") securities between May 31, 2018 and November 19, 2018 (the "Class Period") against the Company and two senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act"): (1) *Walker v. L Brands, Inc.*, No. 2:19cv03186 (filed July 23, 2019); and (2) *Mitts v. L Brands, Inc.*, No. 2:19cv03961 (filed September 9, 2019) (the "Related Actions").  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve identical legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Daniel B. O'Leary should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. O'Leary's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.   STATEMENT OF FACTS

L Brands is a specialty retailer of women's intimate apparel and personal care and beauty products. The Company's merchandise is sold through specialty retail stores in the United States,

Cases\4849-2379-0502.v1-9/23/19

- 2 -

Canada, the United Kingdom, Ireland and China, as well as via websites and international franchise, license and wholesale partners.  The Company maintains its principal executive offices in Columbus, Ohio and its common stock is listed and trades on the New York Stock Exchange under the ticker symbol LB.

The complaints allege that during the Class Period, defendants made materially false and misleading statements and/or failed to disclose adverse information regarding L Brands' business and prospects, which caused L Brands stock to trade at artificially inflated prices of more than $37 per share during the Class Period.  Specifically, prior to and during the Class Period, L Brands' *Victoria's Secret* and *PINK* (whose intimate apparel is primarily marketed to college age students) businesses began to experience deteriorating operating performance due to, among other things, increased competition from new lingerie brands, such as *Aerie*, *ThirdLove*, and *Savage X Fenty*.  In an attempt to drive sales and retain market share in the face of increasing competition, *Victoria's Secret* and *PINK* engaged in heavy promotional activities by offering consumers large discounts and even giving away items free of charge.  While this marketing strategy helped to mitigate sales declines, it adversely impacted the Company's profit margins and cash flows.  And, since *Victoria's Secret* and *PINK* account for more than half of L Brands' total business, their deteriorating operating performance had a deleterious impact on the Company's liquidity.

Observing the deteriorating operating performance at the Company's flagship *Victoria's Secret* and *PINK* businesses, as well as L Brands' decreasing operating cash flows and rising debt levels, securities analysts frequently questioned defendants during the Class Period about the sustainability of the Company's dividends.  In response, defendants repeatedly misled investors by stating that L Brands had sufficient cash flow and cash on hand to sustain its dividends and that the Company "in its history, has never reduced the dividend."  *Walker* ECF No. 1 at ¶21; *Mitts* ECF No. 1 at ¶8.

Cases\4849-2379-0502.v1-9/23/19

Just weeks after defendants issued a series of false and misleading statements about the Company's dividends, L Brands announced that it was cutting its dividend in half so that it could pay down existing debt. On this news, the price of L Brands common stock declined approximately 18% on extremely heavy trading volume, to $28.43 per share.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of L Brands securities, Mr. O'Leary and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). To avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. Specifically, "[c]ourts have found that consolidation is particularly appropriate in securities class action litigation." *French v. CBL & Assocs. Properties, Inc.*, 2016 WL 7668501, at *1 (E.D. Tenn. Sept. 26, 2016).

The Related Actions present identical factual and legal issues, allege nearly identical claims in identical class periods, and name identical defendants.[1] As such, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here.

---

[1] The *Walker* complaint asserts claims on behalf of purchasers of L Brands common stock, while the *Mitts* complaint asserts claims on behalf of purchasers of L Brands securities. This minor difference will be reconciled with the filing of a consolidated complaint.

- 3 -

**B.**    **Mr. O'Leary Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice associated with the filing of the first-filed *Walker* complaint was published on July 23, 2019.  *See* Declaration of David M. Scott in Support of Proposed Lead Plaintiff Daniel B. O'Leary's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Scott Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1033 (S.D. Ohio 2005).

Mr. O'Leary meets these requirements and should be appointed Lead Plaintiff.

- 4 -

### 1.      Mr. O'Leary's Motion Is Timely

On July 23, 2019, the undersigned counsel published statutory notice in connection with the filing of the *Walker* complaint.  The notice advised class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff within 60 days, (which falls out on September 21, 2019).  *See* Scott Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  September 21, 2019 was a Saturday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is September 23, 2019.  Because this motion is being timely filed by the statutory deadline, Mr. O'Leary is eligible for appointment as lead plaintiff.

### 2.      Mr. O'Leary Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. O'Leary purchased 16,524 L Brands shares during the Class Period, and suffered $146,705 in losses as a result of defendants' alleged misconduct.  *See* Scott Decl., Exs. B, C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Mr. O'Leary meets the PSLRA's prerequisite of having the largest financial interest.

### 3.      Mr. O'Leary Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc),

"The typicality requirement of FED. R.CIV.P. 23(a)(3) is fulfilled if the prospective lead plaintiff's claims arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class" *Fannie Mae*, 357 F. Supp. 2d at 1034.  Here, Mr. O'Leary's claims are typical of those of the class because – like all class members – he claims that defendants violated federal securities laws and that he purchased L Brands securities during the

- 5 -

Class Period at artificially inflated prices, thereby suffering damages.  Mr. O'Leary therefore satisfies the typicality requirement of Rule 23.

The adequacy requirement is met "if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Id.*  Here, Mr. O'Leary is an adequate representative of the class because his interests in the action are clearly aligned with the interests of the other members of the class, and there is no evidence of any antagonism between Mr. O'Leary and the other class members.  Further evidencing his ability to fairly and competently represent the interests of the class, Mr. O'Leary has submitted a Declaration affirming his willingness to serve as, and to assume the responsibilities of, class representative.  *See* Scott Decl., Ex. D.  Finally, Mr. O'Leary has taken the significant step of retaining competent and experienced counsel to prosecute the claims alleged in the complaints, thus demonstrating that he will protect the interests of the class.  Mr. O'Leary, therefore, *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## C.    The Court Should Approve Mr. O'Leary's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Fannie Mae*, 357 F. Supp. 2d at 1034. "Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class." *Fannie Mae*, 357 F. Supp. 2d at 1034.  Mr. O'Leary has selected Robbins Geller to serve as lead counsel.[2]

Robbins Geller, a 200-attorney firm with nationwide offices, regularly represents clients in complex class action litigation within the Sixth Circuit and the Southern and Northern District Courts of Ohio, including partner Paul Geller who was appointed to serve on the Plaintiffs'

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

Executive Committee by Judge Polster in *In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio). *See also Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *9 (N.D. Ohio Nov. 28, 2017) (finding there "is no question" that Robbins Geller and co-counsel "are experienced and able to handle this type of litigation"); *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 660 (S.D. Ohio 2017) (Watson, J.) ("To say the least, Robbins Geller has extensive experience in handling class actions. Counsel's Amended Complaint and briefing on both Plaintiffs' motion for class certification and Defendants' *Daubert* motion demonstrate its knowledge of the applicable law. The Court has no reason to believe Robbins Geller will be unable to commit the resources necessary to represent the Class or will fail to fairly and adequately represent the interests of the Class.").

District courts throughout the country have noted Robbins Geller's reputation for excellence. For example, in approving a $64 million settlement of a securities class action case in *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, No. 3:05-cv-7393-JGC (N.D. Ohio Nov. 18, 2016), Judge Carr noted: "I kept throwing the case out, and you kept coming back. . . . And it's both remarkable and noteworthy and a credit to [Robbins Geller] that you did so. . . . [Y]ou persuaded the Sixth Circuit. As we know, that's no mean feat at all. . . . [The class is] a lot better off than if you hadn't been as tenacious and as dedicated." *Id.*, ECF No. 306 at 4, 14. The Firm's Appellate Practice Group successfully appealed to the Sixth Circuit Court of Appeals twice in that case which accused the former heads of Dana Corp. of securities fraud for trumpeting the auto parts maker's condition while it actually spiraled toward bankruptcy. *See, e.g.*, *Frank v. Dana Corp.*, 547 F.3d 564 (6th Cir. 2008) (vacating district court's decision dismissing case and establishing standard to evaluate scienter allegations); *Frank v. Dana Corp.*, 646 F.3d 954 (6th Cir. 2011) (reversing district court's decision dismissing case, holding shareholders adequately alleged scienter). Robbins Geller

- 7 -

attorneys have obtained the largest securities fraud class action recovery in this Circuit as well as in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits.[3]

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving Mr. O'Leary's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

---

[3]     *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

## IV.    CONCLUSION

The Related Actions should be consolidated as they involve identical legal and factual questions.  In addition, Mr. O'Leary has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. O'Leary respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  September 23, 2019                     Respectfully submitted,

BRENNAN, MANNA & DIAMOND, LLC
DAVID M. SCOTT (0068110)
KRISTA D. WARREN (0097842)


                                s/ David M. Scott
                              DAVID M. SCOTT

250 Civic Center Drive, Suite 300
Columbus, OH 43215
Telephone:  614/246-7514
614/246-7515 (fax)
dscott@bmdllc.com
kdwarren@bmdllc.com

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY (0063373)
1114 Dublin Road
Columbus, OH 43215
Telephone:  614/488-0400
614/488-0401 (fax)
murray@mmmb.com

Local Counsel

- 9 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
VINCENT M. SERRA
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
vserra@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
frankj@johnsonfistel.com

Additional Counsel for [Proposed] Lead Plaintiff

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 23, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

<div style="margin-left:50%">

s/ David M. Scott
DAVID M. SCOTT

BRENNAN, MANNA & DIAMOND, LLC
DAVID M. SCOTT (0068110)
250 Civic Center Drive, Suite 300
Columbus, OH 43215
Telephone:  614/246-7514
614/246-7515 (fax)
dscott@bmdllc.com

E-mail:  dscott@bmdllc.com

</div>

Cases\4849-2379-0502.v1-9/23/19

# Mailing Information for a Case 2:19-cv-03186-SDM-CMV Walker v. L Brands, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mari Byrne**
  mari.byrne@davispolk.com

- **Andrew Ditchfield**
  andrew.ditchfield@davispolk.com

- **Angelyne E. Lisinski**
  aelisinski@vorys.com,slmay@vorys.com

- **Anthony Joseph O'Malley**
  ajomalley@vorys.com

- **David Matthew Scott**
  dscott@bmdllc.com,kjkemper@bmdllc.com

- **Andrew Christian Smith**
  acsmith@vorys.com,tlavery@vorys.com

- **Krista D Warren**
  kdwarren@bmdllc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)