# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICKEY R. WALKER,

   Plaintiff, : Case No. 2:19-cv-3186

  -vs-                                             Judge Sarah D. Morrison
                                               Magistrate Judge Chelsey M. Vascura

L BRANDS, INC., *et al.*,
                                               :

   Defendants,


KURT J. MITTS,

   Plaintiff, : Case No. 2:19-cv-3961

  -vs-                                             Judge Sarah D. Morrison
                                               Magistrate Judge Chelsey M. Vascura

L BRANDS, INC., *et al.*,
                                               :

   Defendants.


## **ORDER**

This matter is before the Court upon Daniel O'Leary's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (ECF No. 12).[1] For the reasons that follow, the Court **GRANTS** Mr. O'Leary's Motion.

**I.  SUMMARY OF PENDING ACTIONS AND FACTUAL ALLEGATIONS**

Accepting the facts as stated by Plaintiffs, Defendant L Brands is a global retailer of women's intimate apparel, personal care, and beauty products that includes, among other businesses, Victoria's Secret and Pink. (Compl., ¶¶ 6, 15, ECF No. 1). These two entities account

---

[1] All record citations refer to documents filed in Case No. 2:16-cv-3186 unless otherwise noted.

1

for more than half of L Brands' total business. (*Id.* ¶ 20). L Brands maintains its executive offices in Columbus, Ohio and its common stock is listed and traded on the New York Stock Exchange ("NYSE"). (*Id.* ¶ 6). Defendant Leslie H. Wexner is L Brands' Chairman of the Board of Directors and Chief Executive Officer and Defendant Stuart B. Burgdoer is L Brands' Executive Vice President and Chief Financial Officer. (*Id.* ¶¶ 7–8).

Prior to and during the Class Period (May 31, 2018 to November 19, 2018), Victoria's Secret and Pink began experiencing deteriorating operating performances due to competition from new brands. (*Id.* ¶ 18). As a result, the two businesses engaged in extensive promotional activities. (*Id.* ¶ 19). While this helped mitigate declining sales, it also adversely impacted L Brands' profit margins and cash flows. (*Id.*). In response, Defendants were faced with questions about the sustainability of L Brands dividends. (*Id.* ¶ 21). For several months, Defendants allegedly misled investors by making false and misleading statements that L Brands had sufficient cash flow and cash on hand to sustain its dividends as it had historically done. (*Id.*). This caused L Brands stock to trade at artificially inflated prices as high as $38 per share during the Class Period. (*Id.* ¶¶ 43, 51). However, on November 19, 2018, L Brands announced that it was cutting its dividend in half so it could pay down its existing debt, causing L Brands stock to decline 18% to $28.43 per share. (*Id.* ¶ 22).

Plaintiff Rickey Walker, on behalf of himself and all purchasers of L Brands common stock during the Class Period, filed the first lawsuit (2:19-cv-3186) on July 23, 2019, alleging that Defendants engaged in a course of conduct to artificially inflate the price of L Brands common stock in violation of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Upon filing the Complaint and pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), Mr. Walker's counsel published the required

notice to members of the purported class, which advised class members of the existence of the lawsuit and described the claims asserted. (ECF No. 12-3). The notice also advised class members of their right to file a motion for appointment as Lead Plaintiff no later than 60 days after the notification was published. (*Id.*). On September 9, 2019, a second lawsuit (2:19-cv-3961) was filed by Plaintiff Kurt J. Mitts, on behalf of himself and all purchasers of L Brands securities during the Class Period, alleging identical claims against Defendants. On September 23, Daniel O'Leary, a purported class member, moved the Court to consolidate the related actions, appoint him as Lead Plaintiff, and approve his chosen law firm as Lead Counsel in the related actions.[2]

## II. CONSOLIDATION

Pursuant to Fed. R. Civ. P. 42(a), the court may consolidate actions that "involve a common question of law or fact." *See also* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Upon review of the Complaints filed in Case Nos. 2:19-cv-3186 and 2:19-cv-3961, the actions appear to involve identical legal and factual issues and assert the same or substantially the same claims arising under 15 U.S.C. § 78u-4. Accordingly, the request for consolidation is **GRANTED**.

## III. APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff during the initial stages of litigation. Within 60 days following the publication of the national notice advising members of the purported class of the private securities class action,[3] "any member of the purported class may move the court to serve as lead

---

[2] One other candidate, Paula Afshani, originally moved to be Lead Plaintiff but has since withdrawn her Motion. (ECF No. 16).

[3] "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published . . . ." 15 U.S.C. § 78u-4(a)(3)(A)(ii).

3

plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i). If an action has been consolidated, courts are directed to appoint a lead plaintiff "as soon as practicable" after the consolidation decision. *Id.* § 78u-4(a)(3)(B)(ii).

> [T]he court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]

*Id.* § 78u-4(a)(3)(B)(i).

Under the PSLRA, any plaintiff seeking to be lead plaintiff must file a certification that states the following:

> (i) . . . the plaintiff has reviewed the complaint and authorized its filing;
> (ii) . . . the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;
> (iii) . . . the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary[.]

*Id.* § 78u-4(a)(2)(A)(i)–(iii). The certification must also include a list of the plaintiff's transactions in the security, a list of all actions in which that plaintiff has sought to serve as lead plaintiff in the past three years, and a statement that the plaintiff will not accept payment for serving as a representative party in excess of plaintiff's pro rata share of any recovery. *Id.* § 78u-4(a)(2)(A)(iv)–(vi). In the cases *sub judice*, Daniel O'Leary has submitted the requisite certification in compliance with 15 U.S.C. § 78u-4(a)(2)(A). (ECF No 12-4).

A rebuttable presumption applies to a movant as the most adequate plaintiff if the following factors are met:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4

>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of
>   Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption can be overcome by a showing that a candidate will be subject to unique defenses or is otherwise inadequate. *Id.* § 78u-4(a)(3)(B)(iii)(II).

### A.     Timely Filing of Motion

The statutory notice associated with Case No. 2:19-cv-3186 was published on July 23, 2019. (ECF No. 12-3). On September 23, 2019, within 60 days of the published notice, Mr. O'Leary timely filed his motion to serve as Lead Plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### B.     Largest Financial Interest

Mr. O'Leary is the only candidate for Lead Plaintiff,[4] and hence has the largest financial interest with an approximate loss of $146,705.13 (ECF No. 12-5) during the proposed Class Period. *Id.* § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.     Rule 23 Requirements

Federal of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if:

>   (1) the class is so numerous that joinder of all members is impracticable;
>   (2) there are questions of law or fact common to the class;
>   (3) the claims or defenses of the representative parties are typical of the claims
>   or defenses of the class; and
>   (4) the representative parties will fairly and adequately protect the interests of
>   the class.

Under the PLSRA, proposed plaintiffs "need only make a prima facie showing that they meet the typicality and adequacy prerequisites of Rule 23." *Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357

---

[4] To the extent Mr. Mitts is requesting to be appointed Lead Plaintiff in this consolidated action by way of his Complaint in Case No. 2:19-cv-3961, his purported loss of $10,138.60 is significantly lower than Mr. O'Leary's financial interest. (2:19-cv-3961: ECF No. 1-1).

F. Supp. 2d 1027, 1034 (S.D. Ohio 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 – 64 (3d Cir. 2001)). "The typicality requirement of Fed. R. Civ. P. 23(a)(3) is fulfilled if the prospective lead plaintiff's claims arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class." *Id*. (citing *In re Am. Med. Sys.,* 75 F.3d 1069, 1082 (6th Cir. 1996)). "A plaintiff can show that it fairly and adequately represents the interests of the class, pursuant to Rule 23(a)(4), if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Id*.

Mr. O'Leary asserts claims that arise out of the same course of events as alleged by the other members of the purported class and are based on the same legal theories. (Mot. Appoint Pl., 5, ECF No. 12-1). Specifically, Mr. O'Leary provides that, like all class members, he purchased L Brands securities during the Class Period based on alleged materially false and misleading representations, in violation of federal securities law. (*Id.* at 5–6; O'Leary Decl., ¶ 6, ECF No. 12-6). Mr. O'Leary also claims he has no interests antagonistic to those of the class and has suffered damages in the same way as other class members as a result of buying L Brands shares at artificially inflated prices. (Mot. Appoint Pl., 6). Finally, Mr. O'Leary asserts that his chosen counsel possesses the requisite expertise and experience necessary to prosecute the claims alleged in the Complaints, protecting the interests of the class. (*Id.*). The Court finds that Mr. O'Leary "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Because Mr. O'Leary has filed a Lead Plaintiff Motion in a timely fashion, demonstrated that he has the largest financial interest at stake, and has satisfied the adequacy and typicality requirements of Fed. R. Civ. P. 23, he is entitled to the presumption that he is the most adequate

plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(I). Additionally, because no purported class member has adduced proof that Mr. O'Leary will not "fairly or adequately protect the interests of the class," or that he is subject to unique defenses, the Court holds that Mr. O'Leary is the most adequate plaintiff in the securities fraud actions pending before this Court. *Id.* § 78u-4(a)(3)(B)(iii)(II).

## IV.  APPOINTMENT OF LEAD COUNSEL

Section 78u-4(a)(3)(B)(v) provides that "[t]he most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." "Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class." *Fannie Mae*, 357 F. Supp. 2d at 1034. Upon review of Mr. O'Leary's Motion and Declaration, the Court finds no reason to disturb his choice of counsel. Accordingly, Robbins Geller Rudman & Dowd LLP is appointed as Lead Counsel for the class.

## V.  CONCLUSION

For the foregoing reasons, Daniel O'Leary's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel (ECF No. 12) is **GRANTED**. The Clerk is **DIRECTED** to consolidate Case Nos. 2:19-cv-3186 and 2:19-cv-3961. The parties are **ORDERED** to comply with the deadlines established in *Walker v. L Brands, Inc.*, 2:19-cv-3186.

Daniel B. O'Leary is **APPOINTED** as Lead Plaintiff for the class. Robbins Geller Rudman & Dowd LLP is **APPOINTED** as Lead Counsel for the class.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE