**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICKEY R. WALKER, Individually and on Behalf of All Others Similarly Situated, | : | No. 2:19-cv-03186-SDM-CMV |
| | : | |
| | : | Judge Sarah D. Morrison |
| Plaintiff, | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| v. | : | |
| | : | |
| L BRANDS, INC., LESLIE H. WEXNER, and STUART B. BURGDOERFER, | : | **Oral Argument Requested** |
| | : | |
| Defendants. | : | |
| | : | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT

Respectfully submitted,

s/  Anthony J. O'Malley

DAVIS POLK & WARDWELL LLP
Andrew Ditchfield (*pro hac vice*)
Mari Byrne (*pro hac vice*)
Patrick O. Malone (*pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Telephone:  212-450-4000
Fax:  212-701-5800
andrew.ditchfield@davispolk.com
mari.byrne@davispolk.com
patrick.malone@davispolk.com

Anthony J. O'Malley (0017506)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH  44114-2327
Telephone:  216-479-6159
Fax:  216-937-3735
ajomalley@vorys.com

Andrew C. Smith (0008136)
Angelyne E. Lisinski (0089699)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216-1008
Telephone: 614-464-5434
Fax: 614-719-4969
acsmith@vorys.com
aelisinski@vorys.com

*Attorneys for Defendants L Brands, Inc.,*
*Leslie H. Wexner, and Stuart B. Burgdoerfer*

ii

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..................................................................................................................v

MEMORANDUM IN SUPPORT..........................................................................................................1

I.      THERE ARE NO ACTIONABLE MISSTATEMENTS OR OMISSIONS ........................1

         A.      The Investor Conference and Earnings Call Statements Are Not Actionable ..............................................................................................................1

         B.      L Brands' SEC Filings Present No Actionable Misstatements or Omissions..................................................................................................................5

         C.      L Brands' November 8, 2018 Press Release Was Not False or Misleading..................................................................................................................6

II.      THE AMENDED COMPLAINT FAILS TO PLEAD SCIENTER ..................................7

III.      THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ..............................................................................................................10

CONCLUSION..................................................................................................................................10

iii

# TABLE OF AUTHORITIES

CASE(S)

PAGE(S)

*Albert Fadem Tr. v. Am. Elec. Power Co.*,
334 F. Supp. 2d 985 (S.D. Ohio 2004) ....................................................................................5

*Beaver Cty. Ret. Bd. v. LCA-Vision Inc.*,
No. 1:07-CV-750, 2009 WL 806714 (S.D. Ohio Mar. 25, 2009) ...........................................10

*Bondali v. Yum! Brands, Inc.*,
620 F. App'x 483 (6th Cir. 2015) .............................................................................................1

*Brewer v. Lincoln Int'l Corp.*,
148 F. Supp. 2d 792 (W.D. Ky. 2000) .....................................................................................4

*Cagan v. Anchor Sav. Bank FSB*,
No. CV-88-3024, 1990 WL 73423 (E.D.N.Y. May 22, 1990) ..................................................7

*In re Cardinal Health, Inc. Sec. Litig.*,
426 F. Supp. 2d 688 (S.D. Ohio 2006) ....................................................................................8

*Cione v. Gorr*,
843 F. Supp. 1199 (N.D. Ohio 1994) .......................................................................................7

*City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.*,
399 F.3d 651 (6th Cir. 2005) ...............................................................................................3, 9

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*,
752 F.3d 173 (2d Cir. 2014) ....................................................................................................5

*In re Comshare Inc. Sec. Litig.*,
183 F.3d 542 (6th Cir. 1999) ...................................................................................................4

*Dage v. Time Warner Cable*,
395 F. Supp. 2d 668 (S.D. Ohio 2005) ....................................................................................6

*Directv, Inc. v. Treesh*,
487 F.3d 471 (6th Cir. 2007) ...................................................................................................2

*Doshi v. Gen. Cable Corp.*,
823 F.3d 1032 (6th Cir. 2016) ..........................................................................................7, 8, 9

*Doshi v. Gen. Cable Corp.*,
386 F. Supp. 3d 815 (E.D. Ky. 2019) ......................................................................................8

iv

PAGE(S)

*Dougherty v. Esperion Therapeutics, Inc.*,
　905 F.3d 971 (6th Cir. 2018) ...................................................................................6, 8

*In re EveryWare Glob., Inc. Sec. Litig.*,
　175 F. Supp. 3d 837 (S.D. Ohio 2016), *aff'd sub nom.*
　*I.B.E.W. Local No. 58 Annuity Fund v. EveryWare Glob., Inc.*,
　849 F.3d 325 (6th Cir. 2017) .........................................................................................9

*In re Gen. Electric Co. Sec. Litig.*,
　857 F. Supp. 2d 367 (S.D.N.Y. 2012) ........................................................................3, 4

*Genna v. Potts*,
　No. HAR 94-3260, 1995 WL 222043 (D. Md. Apr. 13, 1995) ....................................3

*Grae v. Corr. Corp. of Am.*,
　No. 3:16-cv-2267, 2017 WL 6442145 (M.D. Tenn. Dec. 18, 2017).............................2

*Graff v. Prime Retail, Inc.*,
　172 F. Supp. 2d 721 (D. Md. 2001)...........................................................................3, 6, 7

*Gray v. Wesco Aircraft Holdings, Inc.*,
　No. 19-cv-8528 (LJL), 2020 WL 1904019 (S.D.N.Y. Apr. 16, 2020)........................6

*Gruhn v. Tween Brands, Inc.*,
　No. 2:07-cv-925, 2009 WL 1542795 (S.D. Ohio June 2, 2009) ...............................10

*In re Hertz Glob. Holdings, Inc. Sec. Litig.*,
　No. 13-cv-7050, 2017 WL 1536223 (D.N.J. Apr. 27, 2017), *aff'd sub nom.*
　*In re Hertz Glob. Holdings Inc*, 905 F.3d 106 (3d Cir. 2018) ...............................10

*I.B.E.W. v. Ltd. Brands, Inc.*,
　788 F. Supp. 2d 609 (S.D. Ohio 2011) ..............................................................4, 5, 9

*In re Int'l Bus. Machs. Corp. Sec. Litig.*,
　163 F.3d 102 (2d Cir. 1998) .....................................................................................3

*In re Intelligroup Sec. Litig.*,
　527 F. Supp. 2d 262 (D.N.J. 2007).........................................................................10

*Local 295/Local 851 IBT Emp'r Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp*,
　731 F. Supp. 2d 689 (S.D. Ohio 2010) ....................................................................8

*In re Miller Energy Resources Sec. Litig.*,
　No. 3:11-CV-386-TAV-CCS, 2014 WL 415730 (E.D. Tenn. Feb. 4, 2014) ...........10

*Miller v. Champion Enters. Inc.*,
　346 F.3d 660 (6th Cir. 2003) ...............................................................................5, 10

*In re Nat'l Century Fin. Enters. Inc. Inv. Litig.*,
　541 F. Supp. 2d 986 (S.D. Ohio 2007) ....................................................................7

v

PAGE(S)

*In re Omnicare, Inc. Sec. Litig.*,
    769 F.3d 455 (6th Cir. 2014) ...............................................................................................9

*PR Diamonds, Inc. v. Chandler*,
    364 F.3d 671 (6th Cir. 2004) ...............................................................................................8

*In re Seadrill Ltd. Sec. Litig.*,
    No. 14 CIV. 9642 (LGS), 2016 WL 3461311 (S.D.N.Y. June 20, 2016) ...........................2, 3

*In re Sofamor Danek Grp., Inc.*,
    123 F.3d 394 (6th Cir. 1997) ...............................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ............................................................................................................7

*TERA II, LLC v. Rice Drilling D, LLC*,
    No. 2:19-CV-2221, 2019 WL 6051115 (S.D. Ohio Nov. 15, 2019) ..................................2, 4

*Warren v. Prison Health Servs. Inc.*,
    576 F. App'x 545 (6th Cir. 2014).........................................................................................7

*Willis v. Big Lots, Inc.*,
    No. 2:12-CV-604, 2016 WL 8199124 (S.D. Ohio Jan. 21, 2016)...........................................4

STATUTES & RULES

Sec. 10(b) of the Exch. Act....................................................................................... *passim*

<u>**MEMORANDUM IN SUPPORT**</u>

Plaintiff's opposition ("Opposition") confirms that the Amended Complaint fails to state a claim.  Plaintiff fails to identify any false or misleading statement and ignores numerous cases finding statements about dividends like those contested here not to be actionable under Section 10(b).  The Opposition also ignores the Company's extensive disclosures about Victoria's Secret and the factors the Board considers in determining whether to issue a dividend.  And the Opposition fails to demonstrate any inference of scienter.  For these reasons, and the others catalogued in Defendants' motion ("Motion"), the Amended Complaint must be dismissed.[1]

**I.        THERE ARE NO ACTIONABLE MISSTATEMENTS OR OMISSIONS**

The Opposition's scattershot arguments do nothing to overcome the Amended Complaint's failure to allege any actionable misrepresentations or omissions.  (Mot. at 14-28.)

**A.        The Investor Conference and Earnings Call Statements Are Not Actionable**

Plaintiff's suggestion that the Court should evaluate the statements identified in the Amended Complaint as a whole (rather than focus on particular statements) to see if they "created the false *impression* that the dividend was safe and secure for the foreseeable future" (Opp. at 13-14) is an approach that the Sixth Circuit has squarely rejected.  *See Bondali v. Yum! Brands, Inc.*, 620 F. App'x 483, 491 (6th Cir. 2015) (federal courts "do not forego a statement-by-statement analysis of objective falsity in favor of analyzing the overall *impression* made by a set of statements").  Rather, Plaintiff must "demonstrate that a *particular* statement, when read in light of all the information then available to the market, or a failure to disclose *particular* information, conveyed a false or misleading impression." *Id.* at 492.  None of the alleged

---

[1] Defined terms have the meanings set forth in the Motion (ECF No. 31 (the "Mot.")).  "Opp." refers to the Opposition (ECF No. 35), and "Compl." refers to the Amended Complaint (ECF No. 25).  Unless noted, all emphasis is added and internal citations and quotations are omitted.

1

misstatements or omissions in the Amended Complaint satisfies this standard.[2]

Plaintiff's own allegations demonstrate that the statements at the Investor Conferences were accurate. Plaintiff does not dispute that, as of May and June 2018, L Brands had never reduced its dividend. Nor does Plaintiff dispute that L Brands paid its dividend at the same level through the end of 2018. And Plaintiff does not contest that the Board did not reduce the dividend until March 2019—roughly ten months after the Investor Conferences. (Compl. ¶¶ 64, 67-68.) These accurate factual statements cannot form the basis for a Section 10(b) claim. (Mot. at 14 (citing *In re Seadrill Ltd. Sec. Litig.*, 2016 WL 3461311, at *11 (S.D.N.Y. June 20, 2016)).) The Opposition's assertion that these statements were "false and misleading *at the time they were made*" (Opp. at 16-17 (emphasis in original)) is nothing more than an insufficient "formulaic recitation" of an element of a Section 10(b) claim and, in any event, is undermined by Plaintiff's own factual allegations. *TERA II, LLC v. Rice Drilling D, LLC*, 2019 WL 6051115, at *5 (S.D. Ohio Nov. 15, 2019) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

Plaintiff's claim that the Investor Conference statements are not inactionable "puffery" because they conveyed something "concrete" about L Brands' confidence in the dividend as opposed to "just a generalized optimism" (Opp. at 17, 19) is unavailing. This argument ignores the actual statements and the context in which they were made. Indeed, the statements did not say anything concrete about the sustainability of the dividend. Investors were already aware of the significant challenges facing the Victoria's Secret business, and they had been repeatedly warned of the risk that the dividend could be reduced. (Mot. at 5-12.)

---

[2] Plaintiff claims that he does not have to show the materiality of each statement because he alleges a "central theory of liability." (Opp. 17-18 (citing *Grae v. Corr. Corp. of Am.*, 2017 WL 6442145, at *13 (M.D. Tenn. Dec. 18, 2017)).) But *Grae* analyzed each statement individually to determine whether it was false or misleading. *Grae*, 2017 WL 6442145, at *13-18.

The Opposition's reliance on *City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651, 679 (6th Cir. 2005) (Opp. at 17-19, 24-28) does not save Plaintiff's argument.  In *Bridgestone*, the Sixth Circuit determined at the motion to dismiss stage that all but *one* of defendant's allegedly false statements regarding tire quality were inactionable puffery.  The court explained that the remaining statement—that "the objective data clearly reinforces our belief that these are high-quality, safe tires," *id.* at 671—could not be characterized as puffery because it "was an assertion of a relationship between data and a conclusion, one that a finder of fact could test against record evidence."  *Id.* at 674.  Here, the Investor Conference statements contain no reference to "objective data" and are far more akin to the statements the Sixth Circuit determined *did* constitute inactionable puffery.  *Id.* at 670-71.

Plaintiff likewise fails to distinguish this case from numerous others where courts have found statements about the sustainability of a company's dividend to be inactionable expressions of corporate optimism.  (Mot. at 15-16, 20-21.)  Contrary to the Opposition's arguments (Opp. at 20), the key shortcoming with each of the challenged statements in these cases—like one of the principal shortcomings here—is that they did not constitute a guarantee that the dividend would be maintained.  *See In re Int'l Bus. Machs. Corp. Sec. Litig.*, 163 F.3d 102, 107 (2d Cir. 1998); *Seadrill*, 2016 WL 3461311, at *11; *Graff v. Prime Retail, Inc.*, 172 F. Supp. 2d 721, 729 (D. Md. 2001); *Genna v. Potts*, 1995 WL 222043, at *4 (D. Md. Apr. 13, 1995).  Plaintiff identifies only one case in which a court has found a statement about the future sustainability of a dividend to be actionable under Section 10(b).  (Opp. at 23 (citing *In re Gen. Electric Co. Sec. Litig.*, 857 F. Supp. 2d 367 (S.D.N.Y. 2012)).)  But the court concluded that the statements in that case— "What can you count on?  You can count on a great dividend, $1.24 board approved at the board meeting last Friday, $1.24 in 2009, $0.31 a share in the first quarter," *id.* at 387, and "[t]he facts

3

of what we've done here, I think, should let investors know that we've got the cash, and we've got the operating model that's going to secure the dividend in this environment," *id.* at 380— were "tantamount to a guarantee." *Id.* at 388.  Those statements far exceed the statements identified in the Amended Complaint.

Plaintiff also seeks to avoid the application of these cases by arguing that the statements at issue here are not "soft" forward-looking information but, instead, concern "facts and hard information that are verifiable." (Opp. at 21.)  Not so.  "Hard information relates to historical information." *Willis v. Big Lots, Inc.*, 2016 WL 8199124, at *14 (S.D. Ohio Jan. 21, 2016).  The Investor Conference statements related to the future sustainability of the dividend are classic examples of "soft" future information that "inherently involves some subjective analysis or extrapolation." *Brewer v. Lincoln Int'l Corp.*, 148 F. Supp. 2d 792, 803 (W.D. Ky. 2000).[3]

In a last-ditch effort to find an actionable statement, the Opposition asserts that statements during the August 23 Earnings Call that the Board periodically reviewed the dividend were misleading because those statements "*could* be viewed by a reasonable investor to have reinforced that the dividend would be maintained." (Opp. at 22.)  Plaintiff's reading reflects a complete disregard for the entirety of these statements.  In any event, Sixth Circuit law is clear that conclusory assertions and speculation are not sufficient to plead securities fraud.  *See In re Comshare Inc. Sec. Litig.*, 183 F.3d 542, 553 (6th Cir. 1999); *TERA II*, 2019 WL 6051115, at *5.

---

[3] Plaintiff's claim that Defendants' "fail[ure] to disclose the adverse conditions at the Company [that] put substantial pressure on the sustainability of the Company's dividend" created a duty to disclose the likelihood that the dividend would have to be reduced (Opp. at 28), ignores both the relevant case law, *see In re Sofamor Danek Grp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (holding plaintiffs must show defendants "violated an affirmative duty of disclosure"); *I.B.E.W. v. Ltd. Brands, Inc.*, 788 F. Supp. 2d 609, 632 (S.D. Ohio 2011), and L Brands' extensive disclosures (Mot. at 18).

**B.**     **L Brands' SEC Filings Present No Actionable Misstatements or Omissions**

L Brands repeatedly disclosed the factors the Board considered in determining the dividend and the risk that the Board, at its discretion, may decrease or discontinue the payment of dividends at any time.  (Mot. at 22-24.)  The Opposition claims that these disclosures "made the Company's dividend amount appear much safer than it really was" (Opp. at 25), but Plaintiff cannot dispute that L Brands disclosed a risk factor (Mot. Ex. O at 11) and extensive financial information that directly related to the Company's ability to pay dividends.  Reading L Brands' SEC filings as a whole and in context undermines Plaintiff's argument.  *See, e.g.*, *Albert Fadem Tr. v. Am. Elec. Power Co.*, 334 F. Supp. 2d 985, 1019 (S.D. Ohio 2004).

Plaintiff's efforts to plead violations of Items 303 and 503 of Regulation S-K likewise fail.  The Opposition concedes that the Sixth Circuit has never found an Item 303 violation to be the basis for Section 10(b) liability.  (Opp. at 34.)  Moreover, four of Plaintiff's five "trends" fall outside of Item 303 because they have nothing to do with L Brands' continuing operations, and the fifth "trend" was already the subject of extensive disclosure.  (Mot. at 26-27.)  Item 503 similarly is not implicated because, as the Opposition acknowledges, L Brands warned investors that the Board could reduce the dividend at any time.  Plaintiff complains that these warnings were insufficient because the Company's "cautionary language" remained the same before and during the Class Period and failed to warn investors specifically that competition could cause a "reduction to the hefty dividend."  (Opp. at 33-34.)  But this Court and others have held that companies are "not required to detail every facet or extent of [the] risk[s] to have adequately disclosed the nature of the risk[s]."  *Ltd. Brands, Inc.*, 788 F. Supp. 2d at 633 (quoting *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 678 (6th Cir. 2003)); *see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 184 (2d Cir. 2014) ("[D]isclosure is not a rite of

5

confession," and the failure to disclose every detail regarding a risk does not violate Item 503).

Plaintiff also cannot avoid the fact that this same cautionary language accompanying L Brands' forward-looking statements renders those statements inactionable under the PSLRA. (Mot. at 23, 29-30.) Indeed, the same language that Plaintiff claims is inadequate has been found by numerous courts to trigger the PSLRA's safe harbor protection. (Mot. at 23.) The Opposition attempts to recast the Company's statements as reflecting present fact because the "truth or falsity of the considerable risk that existed to the sustainability of the dividend and the weakened financial condition of the Company existed at the time of Defendants' statements." (Opp. at 29-31.) This approach has been rejected as an improper "end-run" of the PSLRA safe harbor. *See Gray v. Wesco Aircraft Holdings, Inc.*, 2020 WL 1904019, at *16 (S.D.N.Y. Apr. 16, 2020); *Dougherty v. Esperion Therapeutics, Inc.*, 905 F.3d 971, 983 (6th Cir. 2018) ("[P]resent factual statements that underlie forward-looking statements can fall within the PSLRA's safe harbor.").[4]

### C. L Brands' November 8, 2018 Press Release Was Not False or Misleading

The Amended Complaint concedes that L Brands' November 8, 2018 press release disclosing October 2018 store sales results and declaring a quarterly dividend was "literally true." (Compl. ¶ 87.) True statements of historical performance cannot serve as the basis for a Section 10(b) claim. (Mot. at 28.) The Opposition contends that Defendants were under a duty to disclose the reduction in L Brands' dividend in the November 8, 2018 press release because "Defendants knew by the time of the press release the dividend would be reduced." (Opp. at 26.) *Graff* rejected this very same argument—"that the third-quarter release was misleading because

---

[4] The Opposition simply recites the Amended Complaint to contend that L Brands' SEC filings contained material omissions that render the SOX certifications false and misleading. (Opp. at 25.) These allegations are insufficient to plead a claim. (Mot. at 28.) The Opposition also offers no argument as to why L Brands' credit rating disclosures were inadequate and therefore has waived that claim. *See Dage v. Time Warner Cable*, 395 F. Supp. 2d 668, 679 (S.D. Ohio 2005).

6

it failed to reveal the risk to the fourth-quarter dividend"—because "nowhere did Defendants discuss the fourth quarter in their third-quarter press release" and "Defendants were under no obligation to forecast future performance in an announcement of results from a quarter just past." *Graff*, 172 F. Supp. 2d at 729; *see also Cione v. Gorr*, 843 F. Supp. 1199, 1205 (N.D. Ohio 1994) ("To argue that the statements are misleading because the true statements of past performance somehow paint a falsely optimistic picture of the future reaches too far.").

## II.  THE AMENDED COMPLAINT FAILS TO PLEAD SCIENTER

Plaintiff's primary attempt to demonstrate scienter is based on statements on November 20, 2018 that L Brands decided to reduce its dividend at some point during the third quarter of 2018.  (Opp. 38-39.)  Plaintiff contends that L Brand's third quarter "ran from August 5, 2018 to November 3, 2018" (Opp. at 9), and thus Defendants had actual knowledge the dividend would be reduced when they made positive statements regarding the dividend earlier in August and September.[5]  But given this broad time span, a "cogent and at least as compelling . . . opposing inference," *Doshi v. Gen. Cable Corp.*, 823 F.3d 1032, 1039 (6th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007)), is that Defendants did *not* have actual knowledge that L Brands would reduce its dividend at the time of the August 23 Earnings Call or when it issued its September 2018 Form 10-Q.  Further, the November 8 press release cannot be the basis for Section 10(b) liability because, as noted above, it was a true statement of past performance and said nothing about future dividends.

---

[5] Plaintiff seeks an inference of actual knowledge based on circumstantial evidence and the fact that the risk was obvious.  (Opp. at 37.)  None of Plaintiff's cases implicates the PSLRA's pleading requirements.  *See In re Nat'l Century Fin. Enters. Inc. Inv. Litig.*, 541 F. Supp. 2d 986, 1015 (S.D. Ohio 2007); *Warren v. Prison Health Servs. Inc.*, 576 F. App'x 545, 559 (6th Cir. 2014); *Cagan v. Anchor Sav. Bank FSB*, 1990 WL 73423, at *7 (E.D.N.Y. May 22, 1990).

Moreover, the Opposition acknowledges that courts in this Circuit, including post-*Tellabs*, consult the nine *Helwig* factors in evaluating whether a plaintiff has adequately pleaded scienter.  (Opp. at 36-37.)  And Plaintiff concedes that the Amended Complaint addresses at most only four of these factors.  (*Id.* at 37.)  The absence of any factor, although not dispositive, "suggests that the complaint faces an uphill climb" to plead scienter.  *Local 295/Local 851 IBT Emp'r Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp.*, 731 F. Supp. 2d 689, 718 (S.D. Ohio 2010).  The Opposition attempts to show a "divergence" between Defendants' disclosures and their internal information based on the November 20 statement that the Board decided to reduce the dividend sometime in the third quarter.  (Opp. 38-39.)  As noted above, Plaintiff's speculation about timing is insufficient to show any inference of scienter.

Nor can Plaintiff establish a strong inference of scienter for Messrs. Wexner and Burgdoerfer based on their positions as senior executives and their alleged access to unspecified information that supposedly diverged from the Company's external statements.  (Opp. at 39-41.)  "Sixth Circuit law is clear: 'fraudulent intent cannot be inferred merely from the Individual Defendants' positions in the Company and alleged access to information.'"  *Doshi v. Gen. Cable Corp.*, 386 F. Supp. 3d 815, 841 (E.D. Ky. 2019) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 688 (6th Cir. 2004)).[6]  The authority on which Plaintiff relies serves only to confirm this point.  *See In re Cardinal Health, Inc. Sec. Litig.*, 426 F. Supp. 2d 688, 723 (S.D. Ohio 2006); *Dougherty*, 905 F.3d at 981.

The substantial gap in time between Defendants' allegedly positive statements about the dividend and a later disclosure of supposed "inconsistent information" precludes any inference of

---

[6] *See also* Mot. at 32 (citing cases).  Plaintiff's reliance on anonymous former employees is of no moment given the failure to provide any details about these alleged employees.  *See Doshi*, 823 F.3d at 1037.

8

scienter.  (Mot. at 33-34.)  The Opposition acknowledges that Defendants' allegedly positive statements were made three to six months before announcement of the reduction and roughly ten months before the dividend was actually reduced.  (Opp. at 42-43.)  The Sixth Circuit has made clear that such months-long gaps weigh against any finding of scienter.  *See Doshi*, 823 F.3d at 1042 (rejecting gaps of nine months and 86 days as insufficient to demonstrate scienter); *Bridgestone Corp.*, 399 F.3d at 688 (rejecting four-month gap as insufficient to plead scienter).

The remaining allegations likewise fail to support any inference of scienter.  The Amended Complaint fails to allege that either Mr. Wexner or Mr. Burgdoerfer profited from the purported securities fraud.  (Mot. at 35.)  Plaintiff asserts that Messrs. Wexner's and Burgdoerfer's personal stock holdings created an incentive "to hide the true risk of the sustainability of the dividend from investors to maintain L Brands' artificially inflated stock price."  (Opp. at 43.)  But neither Defendant sold shares at the supposedly "artificially inflated" price and thus never profited from the purported scheme.[7]  The failure to identify any "*concrete benefits . . . realized by one or more of the false statements and wrongful nondisclosures alleged*" is fatal to Plaintiff's claim.  *In re EveryWare Glob., Inc. Sec. Litig.*, 175 F. Supp. 3d 837, 859 (S.D. Ohio 2016), *aff'd sub nom. I.B.E.W. Local No. 58 Annuity Fund v. EveryWare Glob., Inc.*, 849 F.3d 325 (6th Cir. 2017) (surveying case law); *Ltd. Brands, Inc.*, 788 F. Supp. 2d at 631.  Plaintiff's assertion that Messrs. Wexner's and Burgdoerfer's execution of Sarbanes-Oxley certifications can be used to infer scienter (Opp. at 41) likewise fails because the Amended Complaint does not allege facts that either Defendant "knew or consciously avoided any meaningful exposure to the information that was rendering their SOX certification erroneous."

---

[7] L Brands' stock repurchases are reflected in public filings and can properly be considered on a motion to dismiss.  *See Ltd. Brands, Inc.*, 788 F. Supp. 2d at 631; *see also In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014).

9

*In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 290 (D.N.J. 2007); *see also In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 2017 WL 1536223 (D.N.J. Apr. 27, 2017), *aff'd sub nom. In re Hertz Glob. Holdings Inc*, 905 F.3d 106 (3d Cir. 2018).  Lastly, Plaintiff's throwaway argument that the "importance" of the dividend demonstrates scienter (Opp. at 41) is unsupported by the case law on which Plaintiff relies.  *See In re Miller Energy Resources Sec. Litig.*, 2014 WL 415730, at *2 (E.D. Tenn. Feb. 4, 2014) (allegations that company "was essentially insolvent" and "dependent upon the successful completion of additional financing" could be probative of scienter if coupled with other factors).

## III. THE AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

The Amended Complaint fails to state a Section 10(b) claim for the numerous reasons set forth above and in the Motion.  As a result, the Amended Complaint also fails to plead a Section 20(a) claim.  These fundamental pleading failures warrant dismissal with prejudice.  Although leave to amend is generally granted liberally, "in cases involving the PSLRA, leave to amend is not as readily granted." *Beaver Cty. Ret. Bd. v. LCA-Vision Inc.*, 2009 WL 806714, at *26 (S.D. Ohio Mar. 25, 2009) (citing *Miller*, 346 F.3d at 692).  "[T]he purpose of the PSLRA would be frustrated if district courts were required to allow repeated amendments to complaints filed under the PSLRA." *Miller*, 346 F.3d at 692.  Here, Plaintiff has had over eighteen months since the end of the purported Class Period to investigate his claims.  More than ten months have passed since Plaintiff filed his initial complaint, and he has had sufficient time to conduct further investigation to cure any pleading deficiencies.  *See Beaver Cty.*, 2009 WL 806714, at *26-27; *see also Gruhn v. Tween Brands, Inc.*, 2009 WL 1542795, at *11 (S.D. Ohio June 2, 2009).

## CONCLUSION

For the reasons set forth above and in the Motion, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety with prejudice.

10

Respectfully submitted,

s/  Anthony J. O'Malley

DAVIS POLK & WARDWELL LLP    Anthony J. O'Malley (0017506)
Andrew Ditchfield (*pro hac vice*)    Vorys, Sater, Seymour and Pease LLP
Mari Byrne (*pro hac vice*)    200 Public Square, Suite 1400
Patrick O. Malone (*pro hac vice*)    Cleveland, OH  44114-2327
450 Lexington Avenue    Telephone:  216-479-6159
New York, NY 10017    Fax:  216-937-3735
Telephone:  212-450-4000    ajomalley@vorys.com
Fax:  212-701-5800
andrew.ditchfield@davispolk.com    Andrew C. Smith (0008136)
mari.byrne@davispolk.com    Angelyne E. Lisinski (0089699)
patrick.malone@davispolk.com    Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216-1008
Telephone: 614-464-5434
Fax: 614-719-4969
acsmith@vorys.com
aelisinski@vorys.com

*Attorneys for Defendants L Brands, Inc.,*
*Leslie H. Wexner, and Stuart B. Burgdoerfer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of June, 2020 a true and accurate copy

of the foregoing Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss

the Consolidated Amended Complaint was sent to counsel of record via the Court's ECF system.

*/s/* Angelyne E. Lisinski
Angelyne E. Lisinski (0089699)